**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 11 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL DALTON,<br><br>Petitioner,<br><br>v.<br><br>MARITIME SERVICES CORPORATION;<br>SAIF CORPORATION; DIRECTOR,<br>OFFICE OF WORKERS'<br>COMPENSATION PROGRAM,<br><br>Respondents. | No.    15-70490<br><br>BRB Nos.    11-0868<br>                    14-0189<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Benefits Review Board

Argued and Submitted June 6, 2017
Portland, Oregon

Before:  GOULD and RAWLINSON, Circuit Judges, and BURNS,** District Judge.

Longshoreman Michael Dalton suffered severe injuries while working on a

ship for Maritime Services. He applied for permanent total disability benefits under

the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq*.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Larry A. Burns, United States District Judge for the
Southern District of California, sitting by designation.

Although Maritime Services agreed to pay Dalton's benefits, the parties couldn't agree on when Dalton became disabled and how much money he deserved. The ALJ found that Dalton became disabled on March 4, 2004, and was entitled to compensation based on an average weekly wage of about $560. The Benefits Review Board affirmed, and Dalton appealed to this Court.

We review both of these issues of fact under the substantial evidence standard. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sharemaster v. U.S. Sec. & Exch. Comm'n*, 847 F.3d 1059, 1073 (9th Cir. 2017). We agree there was substantial evidence to support the disability date, but not the compensation award.[1]

Under the Longshore Act, an injured worker qualifies for permanent disability on the date he reaches maximum medical improvement; that is, when "the injury has healed to the full extent possible and normal and natural healing is no longer likely." *SSA Terminals v. Carrion*, 821 F.3d 1168, 1172 (9th Cir. 2016). The ALJ selected March 4, 2004, because that's the earliest date that a doctor performed a closing examination and found that Dalton reached maximum improvement. The ALJ's

---

[1] Dalton argues that determining his disability date turns on a legal question about when a medical appointment counts as treatment. We disagree. Determining the disability "date is a question of fact that the ALJ determines from the medical evidence." *Hawaii Stevedores, Inc. v. Ogawa*, 608 F.3d 642, 653 (9th Cir. 2010). Whether a medical appointment amounts to treatment is part of the factual enterprise of reviewing the medical evidence to determine the disability date.

finding conflicted with the opinion of Dalton's primary care doctor who reviewed the record seven years later and opined that Dalton reached maximum improvement as early as February 2003. While a case could be made for other dates, we agree that the ALJ's reliance on the doctor's examination identifying March 4, 2004, as the maximum improvement date meets the substantial evidence standard. We therefore deny this portion of Dalton's petition.[2]

We conclude, however, that there wasn't substantial evidence to support the ALJ's findings on the weekly wage. The Longshore Act's overarching goal is to compensate injured workers with a sum that "shall reasonably represent the annual earning capacity of the injured employee." 33 U.S.C. § 910(c). The Act compensates injured workers with seasonal employment history by looking at "the previous earnings of the injured employee in the employment in which he was working at the time of the injury." *Id.* The ALJ used Dalton's two-year work history immediately preceding his injury to calculate his weekly wage. That calculation was too limited because one of those years was the worst in Maritime's history and Dalton worked substantially less than usual. The effect of using that aberrant year for half the calculation unfairly lowered Dalton's compensation.

---

[2] Dalton argues the ALJ erred by applying the principle that a doctor can't retrospectively determine the maximum improvement date. We agree that's not the law. An ALJ may credit a doctor's retrospective determination. *See Hawaii*, 608 F.3d at 653. But the error was harmless because the Board and ALJ relied on other reasons for selecting the March 2004 date. *Id.* at 648.

The purpose of the substantial evidence standard isn't lost on us. We recognize the importance of deferring to the fact-finder who's attempting to apply a malleable standard in the fairest way possible. But the Longshore Act imposes another standard: it must be applied "in a way which avoids harsh and incongruous results" and resolves all doubts in favor of the worker. *Voris v. Eikel*, 346 U.S. 328, 333 (1953). Determining Dalton's lifetime benefits based largely on one of his lowest years of earnings is the type of harsh result that's inconsistent with the "humanitarian nature" of the Act. *Dyer v. Cenex Harvest States Coop.*, 563 F.3d 1044, 1049 (9th Cir. 2009). The ALJ correctly excluded Dalton's first two years of employment as aberrations; he should have done so with the last year as well.[3]

On remand, the ALJ shall recalculate Dalton's compensation based on earnings from March 21, 1999, through March 20, 2000.

**PETITION DENIED IN PART, GRANTED IN PART, AND REMANDED.**

---

[3] Dalton argues the ALJ should have considered potential future earnings. But using data "after the date of injury may, not must, be considered in the ALJ's determination of an employee's wages." *Rhine v. Stevedoring Servs. of Am.*, 596 F.3d 1161, 1164 (9th Cir. 2010).

15-70490

***Dalton v. Maritime Services Corp.*, Case No. 15-70490**
**Rawlinson, Circuit Judge, concurring in part and dissenting in part:**

I concur in that portion of the disposition upholding the determination that

Michael Dalton reached maximum medical improvement on March 4, 2004.

However, I respectfully dissent from that portion of the disposition reversing the

calculation of the weekly wage by the Administrative Law Judge (ALJ).

We review the findings of the ALJ under the substantial evidence standard.

*See Rhine v. Stevedoring Svcs. of Am.*, 596 F.3d 1161, 1165 (9th Cir. 2010). This

standard of review "is extremely deferential to the factfinder." *Id.* (citation and

internal quotation marks omitted).

Under 33 U.S.C. § 910(c), the ALJ has considerable "flexibility" in

determining the "reasonable average wage." *Rhine*, 596 F.3d at 1165. The

analysis "is not meant to be strictly mathematical." *Id.* So long as the ALJ

"give[s] regard to evidence of the employee's annual earning capacity," his

reasonable wage determination should be upheld. *Id.*

It is indisputable that the ALJ "g[a]ve regard to evidence of the employee's

annual earning capacity." *Id.* Indeed, the ALJ considered Dalton's actual

earnings. The majority takes issue with the number of years considered by the

ALJ, but that is not our call to make. As we recognized in *Rhine*, even if the

methodology used by the ALJ "had flaws," if "upon consideration of all available

evidence, the ALJ concluded that [the data] represented the best estimate of [Dalton's] average wages," we should defer to the ALJ's finding. *Id.*

The fact that we would reach a different conclusion on the same evidence does not justify setting the ALJ's determination aside. Because I would deny the petition in its entirety, I respectfully dissent from that portion of the disposition granting the petition.